UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH CINTRON, on behalf of himself and all other persons similarly situated, known and unknown,**<br><br>Plaintiff,<br><br>v.<br><br>**SWEETGREEN, INC.,**<br><br>Defendant. | Case No.<br><br><br><br>(Removed from the Circuit Court of Cook County, Illinois, County Department, Chancery Division – Case #2017-CH-14820) |

## NOTICE OF REMOVAL

Defendant Sweetgreen, Inc. ("Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based upon diversity jurisdiction and CAFA jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its Notice of Removal, Defendant states the following:

### The State Court Action

1. On November 7, 2017, Plaintiff Joseph Cintron ("Plaintiff") filed a putative class action lawsuit in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, entitled *Joseph Cintron, on behalf of himself and all other persons similarly situated, known and unknown v. Sweetgreen Inc.,* Case No. 2017-CH-14820 (the "Action").

2. Defendant was served with a copy of the Summons and Complaint on November 14, 2017. This was Defendant's first formal notice of the Action. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint served on Defendant is

attached as Exhibit 1 ("Compl."). No other process, pleadings or orders have been served on Defendant in this matter.

3. Plaintiff alleges that he brings his Complaint on behalf of a proposed class of current and former hourly paid employees of Defendant who worked in Defendant's Illinois restaurants and allegedly were required to clock in and out by permitting Defendant's timekeeping system to scan a fingerprint (the "Class"). (Compl. ¶ 33). Plaintiff asserts that the Class consists of more than 100 persons. (*Id.* ¶ 35).

4. Plaintiff alleges that Defendant violated the Biometric Information Privacy Act ("BIPA" or the "Act"), 740 ILCS 14, by implementing a fingertip scan timekeeping system that collected his and the Class's biometric information without first informing them in writing of the collection, obtaining their written consent to the collection, or creating a written policy establishing a retention schedule and destruction guidelines. (*See id.* ¶¶ 49-52). Plaintiff further alleges that Defendant violated the Act by disclosing his and the Class's biometric information to its timekeeping system provider without first obtaining their consent. (*Id.* ¶ 53). Plaintiff seeks liquidated monetary damages on behalf of himself and the Class "for each violation" of the BIPA, a judgment enjoining Defendant from committing future violations of the BIPA, reasonable attorneys' fees and costs, and further relief deemed appropriate by the Court. (*Id.* ¶ 55).

**Jurisdiction and Venue**

5. Because the Circuit Court of Cook County, Illinois, County Department, Chancery Division lies in the Eastern Division of the Northern District of Illinois, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

6. Based on the following, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(d) because it is a civil action between citizens of different states and the amount in controversy with regard to Plaintiff exceeds $75,000, while the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[1]

**Diversity Jurisdiction**

7. The District Courts of the United States have original jurisdiction over this Action by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332(a)(1).

*Diversity of Citizenship*

8. The Parties are citizens of different states.

9. Plaintiff is a citizen of Illinois. (Compl. ¶ 17). For purposes of diversity, an individual is a citizen of the state in which he or she is domiciled. *Ziskind v. Fox*, 2010 U.S. Dist. LEXIS 90545, *6, 2010 WL 3516117 (N.D. Ill. 2010) ("[C]itizenship means domicile, not residence." (quoting *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)). Plaintiff alleges that he is domiciled in Illinois. (Compl. ¶ 17). He is therefore a citizen of Illinois for purposes of diversity. *See Bahoor v. Varonis Sys., Inc.*, 152 F. Supp. 3d 1091, 1094 n. 1, (N.D. Ill. 2015) (holding Plaintiff's allegation that he was domiciled in Illinois sufficient to establish citizenship in Illinois); *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 676 (7th Cir. 2006) ("[I]n class actions only the citizenship of the named plaintiff counts.") (citation omitted).

10. Defendant is not a citizen of Illinois; it is a citizen of Delaware and California. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions and alleged damages.

U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business is normally the state in which it maintains its headquarters. *Id.* Defendant's headquarters and principal place of business is in California. (Compl. ¶ 19; Exhibit 2, Mitch Reback Decl. ¶¶ 5-7). Further, Defendant is a corporation organized under the laws of the State of Delaware. (Compl. ¶ 18; Decl.. ¶ 5). Therefore, for purposes of determining diversity jurisdiction, Defendant is a citizen of Delaware and California.

*Amount in Controversy*

11. To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations." *See Brandt v. Brotherhood's Relief and Comp. Fund*, No. 07-2204, 2007 U.S. Dist. LEXIS 53783, at * 7 (N.D. Ill. July 24, 2007) (internal citations omitted). Defendant need only establish by a preponderance of the evidence that Plaintiff could stand to recover over $75,000 if he were to prevail, not that Plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Where a plaintiff provides little information regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once Defendant has satisfied this burden, Plaintiff may defeat federal jurisdiction "only if it appears to a legal *certainty* that the claim is really for less than the

jurisdictional amount." *Id*. (emphasis added); *see also Spivey v. Vertrue, Inc.*, 528 F. 3d 982, 986 (7th Cir. 2008).

12. Though Plaintiff's Complaint is silent as to the total amount of damages claimed, his allegations place more than $75,000 in controversy. Plaintiff prays for liquidated monetary damages on behalf of himself and the Class "for each violation" of the BIPA, as well as other and further relief deemed appropriate and just by the Court. (Compl. ¶ 55). Under BIPA a prevailing aggrieved party "may" recover liquidated damages of $1,000 or actual damages, whichever is greater, for "each violation" negligently committed, as well as liquidated damages of $5,000 or actual damages, whichever is greater, for "each violation" intentionally or recklessly committed. 740 ILCS 14/20.

13. Plaintiff alleges that Defendant recklessly violated the BIPA when it required him to clock in and out using his fingerprint from September 2016 through July 2017. (*See* Compl. ¶¶ 3, 26, 55). If Plaintiff is successful on his claim, Defendant might owe $5,000 in liquidated damages for "each violation" of the BIPA. *See* 740 ILCS 14/20. Plaintiff alleges that Defendant committed a separate and distinct "violation" of the BIPA *every time* he clocked in or out with his fingerprint, which he claims occurred an average of four times per shift. (*See* Compl. ¶ 28). Under this interpretation of the statute (which Defendant will contest), Plaintiff potentially could be entitled to $20,000 in damages for each shift he worked if the Court were to conclude that the statute was violated and that the violations were intentional, and $4,000 for each shift worked if due to negligent violations. Because Plaintiff worked for Defendant for nearly one year, he would undoubtedly exceed the $75,000 threshold under this interpretation of the statute. Therefore, while Defendant denies that Plaintiff is entitled to any damages, the face of Plaintiff's Complaint confirms that the amount in controversy exceeds this Court's jurisdictional minimum.

14. As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper.

## CAFA Jurisdiction

15. This Court also has original jurisdiction over this Action under the Class Action Fairness Act of 2005 ("CAFA" or the "Act"). *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A). The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of the Act's requirements for removal and is timely and properly removed by the filing of this Notice.

16. Defendant is not a state, state official, or other governmental entity, as required by 28 U.S.C. 1332(d)(5)(A).

17. Plaintiff asserts that the Class consists of more than 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B). (Compl. ¶ 35).

18. As explained above, diversity of citizenship exists between Plaintiff and Defendant. Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and California.

19. Plaintiff's Complaint places more than $5,000,000 in controversy. *See Oshana*, 472 F. 3d at 511; *Blomberg*, 639 F.3d at 763. As explained above, Plaintiff claims that he is entitled to $20,000 for damages for each shift he worked (which Defendant will contest). He further alleges that each other member of the putative Class has a similar entitlement. (*See* Compl. ¶ 34). When applied to the alleged 100 Class members, this amounts to over $5,000,000

in damages if each putative Class member worked three shifts on average. Because Plaintiff alleges that Defendant implemented its fingerprint policy over one year ago, the total amount in controversy for the Class is easily in excess of $5,000,000. Therefore, while Defendant denies that Plaintiff is entitled to any damages, the face of Plaintiff's Complaint confirms that the amount in controversy exceeds this Court's jurisdictional minimum.

20. As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.[2]

### Compliance With Procedural Requirements

21. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant's receipt of the Complaint.

22. Attached as Exhibit 3 is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff Joseph Cintron and the Class, as required by 28 U.S.C. § 1446(d), through their attorney, Douglas M. Werman, Werman Salas, PC, 77 West Washington Street, Suite 1402, Chicago, Illinois 60602.

23. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as Exhibit 4 is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

24. Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

---

[2] None of the exceptions to CAFA jurisdiction apply in this case. *See* 28 U.S.C. § 1332(d)(3) and (4). It is Plaintiffs' burden to prove that an exception to CAFA jurisdiction applies. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010). Each of the CAFA exceptions requires that the primary defendant, or a defendant from whom significant relief is sought, be a citizen of the forum state. 28 U.S.C. § 1332(d)(3) and (4). However, as set forth above, Defendant is not a citizen of Illinois. As such, Plaintiff cannot establish the applicability of any exception to CAFA jurisdiction in this case.

WHEREFORE, having fulfilled all statutory requirements, Defendant hereby removes this Action from the Circuit Court of Cook County, County Department, Chancery Division to this Court and requests that the Court assume jurisdiction over the Action.

Dated: December 12, 2017

Respectfully submitted,

SWEETGREEN, INC.

By: */s/ David K. Haase*
One of Its Attorneys

David K. Haase
Kyle J. Mueller
Littler Mendelson, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
Telephone: 312.372.5520
dhaase@littler.com
kmueller@littler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 12, 2017, I caused the foregoing Notice of Removal to be filed with the Clerk of the Court using the CM/ECF system, and to be served by U.S. Mail, postage prepaid, before 5:00 P.M. on:

Douglas M. Werman
Werman Salas PC
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

*/s/ David K. Haase*
David K. Haase