# EXHIBIT 1



# NOTICE OF SERVICE OF PROCESS

**Entity Served:** SWEETGREEN, INC.
**Received in:** Illinois

COGENCY GLOBAL INC. received the enclosed document on behalf of the above named entity. As the appointed registered agent or agent for service of process for the entity, we are forwarding the document to you.

**Client Group:** SWEETGREEN, INC.
**SOP Number:** SP495780
**Document Type:** Summons & Complaint
**Date of Service:** November 14, 2017
**Service Method:** Personal
**Court:** In the Circuit Court of Cook County, Illinois
**Document Caption:** Joseph Cintron vs. SWEETGREEN, INC.
**Case Number:** 2017CH14820

**Original Being Sent To:** Colleen Mcguinness
Sweetgreen, Inc.
8840 Washington Blvd.
4th Floor
Culver City, CA 90232

**Delivery Method:** FedEx
**Tracking Number:** 770746614926

## Important Reminders

An electronic copy of the enclosed document is available for viewing at www.entitycentral.com. If you have any questions or concerns, please contact us at SOP@COGENCYGLOBAL.COM or 866.621.3524.

*This notice and, if applicable, document link (together, the "Notice") is being sent to, and is intended for, the contact designated in COGENCY GLOBAL INC.'s records to receive service of process. We are not responsible for any loss, injury, claim, liability, or damage arising from your use of or reliance on the information contained within the Notice, including, but not limited to, any error or omission in the information contained within the Notice or from any subsequent transmission or third-party access to the Notice. This Notice should be reviewed by your legal and/or tax advisors, and questions concerning whether or how to respond to any document received by us on your entity's behalf should be directed to them. The information contained in the transmittal portion of the Notice is solely for informational purposes, is not a substitute for legal or tax advice, and cannot be relied on to provide complete information.*

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (01/25/17) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JOSEPH CINTRON

(Name all parties)

v.

SWEETGREEN, INC.

No. 2017CH14820
CALENDAR/ROOM 07
TIME 00:00
Class Action—Jury
Sweetgreen, Inc.
c/o Reg. Agent, Cogency Global, Inc.
600 South Second St., Suite 404
Springfield, IL 62704

☑ SUMMONS ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **802**, Chicago, Illinois 60602
☐ District 2 - Skokie  ☐ District 3 - Rolling Meadows  ☐ District 4 - Maywood
  5600 Old Orchard Rd.   2121 Euclid    1500 Maybrook Dr.
  Skokie, IL 60077     Rolling Meadows, IL 60008  Maywood, IL 60153
☐ District 5 - Bridgeview ☐ District 6 - Markham 16501 ☐ Child Support: 50 W.
  10220 S. 76th Ave.    S. Kedzie Pkwy. Markham,   Washington, LL-01,
  Bridgeview, IL 60455    IL 60428      Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 42031
Name: Douglas M. Werman
Atty. for: Plaintiff and the Class
Address: 77 W. Washington St., Suite 1402
City/State/Zip Code: Chicago, Illinois 60602
Telephone: (312) 419-1008
Primary Email: dwerman@flsalaw.com
Secondary Email: ecf@flsalaw.com
Tertiary Email: _____

Witness: _____

**DOROTHY BROWN** NOV 0 7 2017

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| JOSEPH CINTRON, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | Case No. 2017CH14820 CALENDAR/ROOM 07 TIME 00:00 Class Action |
| Plaintiff, | ) ) | Judge |
| v. | ) ) | |
| SWEETGREEN, INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Joseph Cintron ("Plaintiff"), through his attorneys, on behalf of himself and all other persons similarly situated, known and unknown, for his Class Action Complaint against Sweetgreen, Inc. ("Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

2. Defendant operates a restaurant chain under the name "Sweetgreen" with over 75 locations in several states, including four restaurants in Chicago, Illinois.

3. From approximately September 2016 through July 2017, Plaintiff worked as a Prep Cook at Defendant's restaurant at 623 N. State St, Chicago, IL 60654.

4. After approximately the first week of his employment, Plaintiff and other hourly paid employees were required by Defendant to use a biometric time-keeping system to record their time worked.

5. Here's what that means: Defendant required Plaintiff and other hourly employees

1

to clock in and out of their work shifts by scanning their fingerprints in Defendant's time-keeping system.

6. Before Defendant implemented the biometric timekeeping system, Defendant provided Plaintiff and other hourly employees with employee identification cards to clock in and out of their shifts.

7. Unlike an employee identification card or number, fingerprints are *unique* and *permanent* identifiers.

8. By requiring employees to use their fingerprints, instead of identification badges or numbers, Defendant ensures that one employee cannot clock in for another.

9. Thus, there's no question that Defendant benefited from using a biometric time-keeping system.

10. But there's equally no question that Defendant placed employees at risk by using their biometric identifiers to "punch the clock."

11. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

12. Accordingly, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

13. Defendant collected, stored, used, and transferred the unique biometric fingerprint identifiers of Plaintiff and others similarly situated without following the strictures of the Biometric Information Privacy Act.

14. As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers of Plaintiff and others similarly situated.

**JURISDICTION AND VENUE**

15. This Court has jurisdiction over Defendant under 735 ILCS 5/2-209 because Defendant does business in Illinois, is registered to do business in Illinois, and committed the statutory violations alleged in this Class Action Complaint in Illinois.

16. Cook County is a suitable venue for this litigation because Defendant has places of business in Cook County, does business here, and committed the statutory violations alleged in this Class Action Complaint in Cook County and in Illinois.

**THE PARTIES**

17. Plaintiff is domiciled in Cook County, Illinois.

18. Defendant is a Delaware corporation.

19. Defendant's principal place of business is located at 8840 Washington Blvd., 4th Floor, Culver City, CA 90232.

20. Defendant is registered to do business in Illinois and does substantial business in the state through its four restaurants in Cook County.

**REQUIREMENTS OF THE BIOMETRIC PRIVACY INFORMATION ACT**

21. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulating the collection, use, safeguarding, handling, storage retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

22. The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless the private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

23. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1).

24. In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a)

25. Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

26. After approximately the first week of his employment in September 2016, Defendant required Plaintiff to clock in and out of each shift by scanning his fingerprint in

Defendant's time-keeping system.

27. When Plaintiff scanned his fingerprint in Defendant's time-keeping system, his fingerprint, or a geometric representation of his fingerprint, was disseminated and disclosed to Defendant's timekeeping system provider.

28. Plaintiff typically scanned his fingerprint four times per shift: to clock in at the beginning of a shift, to clock out for a lunch break, to clock back in after taking a lunch break, and to clock out at the end of a shift.

29. Defendant never provided Plaintiff any written materials about its collection, retention, destruction, use, or dissemination of Plaintiff's fingerprints.

30. Defendant never obtained Plaintiff's written consent, or release as a condition of employment, before collecting, storing, disseminating, or using Plaintiff's fingerprints.

31. Defendant violated Plaintiff's privacy by capturing or collecting his biometric identifiers and information without his consent.

32. Defendant diminished the value of Plaintiff's biometric identifiers and information by storing them without publishing data retention and destruction policies required by the Biometric Information Privacy Act.

**CLASS ACTION ALLEGATIONS**

33. Plaintiff and the proposed class are current and former hourly paid employees of Defendant who worked in Defendant's Illinois restaurants and were required to clock in and out by scanning their fingerprints in Defendant's biometric time-keeping system ("the Class").

34. Plaintiff and the Class are similarly situated to one another because they were all subject to the same allegedly illegal practice: being required to clock in and out of their shifts with

5

their fingerprints despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

35. Defendant employed more than 100 persons in the Class.

36. The Class is so numerous that joinder of all class members is impracticable.

37. The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant required the Class to use their fingerprints to clock in and out of shifts; whether the Class's fingerprints, or geometric representation of fingerprints, qualify as "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures of the Biometric Information Privacy Act.

38. These common questions of law and fact predominate over the variations that may exist between members of the Class, if any.

39. Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

40. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

41. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

42. The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class clocked in and out of Defendant's biometric time-keeping system and what information Defendant provided Plaintiff and the Class about its collection, retention, use, and dissemination of their biometric identifiers and information.

43. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

44. Plaintiff retained counsel experienced in complex class action litigation.

## COUNT I
## Violation of the Biometric Information Privacy Act
## (Class Action)

45. Plaintiff realleges and incorporates the previous allegations of this Complaint, as if fully set forth herein.

46. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

47. Plaintiff's and the Class's fingerprints, scan of fingers, and/or geometric representation of fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

48. Defendant has "biometric information" from Plaintiff and the Class based on Defendant's acquisition and retention of Plaintiff's and the Class's "biometric identifier[s]," as identified in the previous paragraph.

49. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's biometric identifiers and information without first informing them in writing that Defendant was doing so.

50. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's biometric identifiers and information without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

51. Defendant violated the Biometric Information Privacy Act by capturing or

collecting Plaintiff's and the Class's biometric identifiers and information without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

52. Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's biometric identifiers and information without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

53. Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's biometric identifiers and information to its time-keeping system provider without first obtaining Plaintiff's and the Class's consent for that disclosure or dissemination.

54. Defendant's knew or should have known of the requirements of the Biometric Information Privacy Act.

55. As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated: November 7, 2017

_____
One of Plaintiff's Attorneys

Douglas M. Werman
Werman Salas P.C. (#42031)
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff and the Class